**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MARIANNA ROSEN | : | **CIVIL ACTION COMPLAINT** |
| 330 Wythe Avenue, Brooklyn, NY 11249 | : | |
| vs. | : | |
| AMAZON.COM INC. | : | **JURY TRIAL DEMANDED** |
| 410 Terry Avenue N, Seattle, WA 98109 | : | |
| and | : | |
| AMAZON.COM SERVICES LLC | : | |
| 410 Terry Avenue N, Seattle, WA 98109 | : | |
| and | : | **DOCKET NO.:** |
| CYCLACE | : | |
| 410 Terry Avenue N, Seattle, WA 98109 | : | |

**COMES NOW**, Plaintiff, **Marianna Rosen**, by and through her counsel, William T. Lawson, III, and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

**PARTIES**

1.     Plaintiff, **Marianna Rosen,** is an adult individual residing at 330 Wythe Avenue, Brooklyn, NY 11249.

2.     Defendant, **Amazon.Com Inc.,** (hereinbefore and hereinafter also referred to as Defendant(s)), is a corporation, limited partnership, limited liability company and/or other similar entity regularly doing business in New York with offices located at 410 Terry Avenue N, Seattle, WA 98109.

3.     Defendant, **Amazon.Com Services LLC.,** (hereinbefore and hereinafter also referred to as Defendant(s)), is a corporation, limited partnership, limited liability company and/or other similar entity regularly doing business in New York with offices located at 410 Terry Avenue N, Seattle, WA 98109.

4.     Defendant, **Cyclace,** (hereinbefore and hereinafter also referred to as Defendant(s)), is a corporation, limited partnership, limited liability company and/or other similar entity regularly doing business in New York with offices located at 410 Terry Avenue N, Seattle, WA 98109.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332, in that Plaintiff who is a resident of New York, is not from the same state as any of the Defendants, who collectively reside in Washington.  The amount in controversy exceeds $75,000.00.

6.     Venue is properly laid pursuant to 28 U.S.C. §1391(a), as the events giving rise to this claim occurred within the Southern District of New York.

**FACTS**

7.      At all times herein material, Defendants were either acting individually and/or on each other's behalf by and through their duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/his/its employment and in the furtherance of each of the Defendants' businesses and affairs.

8.     At all times herein material, each of the Defendants was involved in the manufacture and/or sale and/or distribution of stationary bicycles and/or their component parts which were sold in the State of New York, including the Cyclace hereinafter described.

9.     On or about October 30th, 2020 the Cyclace stationary bike along with its component parts was purchased on Amazon.com Inc. and sold by Amazon.com Services LLC, it was subsequently shipped to New York City, NY.

10.    It is believed and averred that the subject Cyclace stationary bicycle had pedals manufactured by Jendel International Enterprises Limited.

11.    On or about May 11th, 2021, Plaintiff, Marianna Rosen, came into possession of the aforesaid Cyclace stationary bicycle, which was still unopened and unused.

12.    On or about June 3rd, 2021, Plaintiff was using the aforesaid stationary bicycle in her home located at 330 Wythe Avenue, Brooklyn, NY 11249, when the left pedal came off causing her to be severely injured.

13.     Plaintiff's left shin/leg was struck by crank arm causing a grievous laceration resulting in permanent scarring and pain with suffering.

14.     It is believed and averred that the pedal and crank assembly separated due to a defective condition, and that Defendants did fail to warn Plaintiff.

15.     Plaintiff has sustained significant medical expenses and is likely to incur medical expenses in the future all to her detriment.

16.     Plaintiff has been prevented from engaging in her normal activities all to her great and continuing detriment which has and does cause emotional distress and mental anguish.

17.     Defendant, **Cyclace** is the manufacturer of the stationary bicycle, and as such is strictly liable to Plaintiff for the injuries sustained in the aforementioned accident.

18.     Defendants, **Amazon.com Inc.** and/or **Amazon.com Services LLC** are the sellers of the stationary bicycle and pedals respectively, and as such they are strictly liable to Plaintiff for the injuries sustained in the aforementioned accident.

19.     At all times herein material, Defendants knew that persons such as Plaintiff would come into contact with and have possession of their products. Further, Defendants knew or by the exercise of reasonable care, should have known, the use of the subject stationary bicycle was dangerous, harmful and injurious when used by Plaintiff and consumers in a reasonably foreseeable manner.

20.     At all times herein material, Plaintiff used the stationary bicycle and its component parts for its/their intended purpose and in the manner which was contemplated by Defendants and likewise in a manner foreseeable to said Defendants.

21.     The subject stationary bicycle was expected to and did reach Plaintiff without a substantial change in its condition.

**COUNT I**
**(Strict Liability - Design Defect)**

22.     Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

23.    At all times herein mentioned, Defendants were involved in researching, designing, developing, manufacturing, testing, selling and/or distributing the stationary bicycle at issue which was defective and unreasonably dangerous.

24.    Plaintiff avers that the carelessness, negligence and recklessness of the Defendants in the design of the stationary bicycle, individually, jointly and/or severally, consisted of the following:

a.    Failing to use materials/metal strong enough to keep the pedal from pulling out of the crank assembly during use;

b.    Designing the pedal and crank in such a way that the stationary bicycle could be used without the pedal being screwed in all of the way;

c.    Failing to use proper threads in the pedal and crank arm assembly that would prevent the parts from separating;

d.    Failing to use a different method for attaching the pedal to the crankshaft so as to prevent it from pulling out during use;

e.    Using metals and material of different hardness in the pedal assembly and crank arm;

f.    Failing to coat the pedal screw with a bright color so as to alert the user if it wasn't screwed in the whole way;

g.    Designing the stationary bike in such a way so as to allow the pedal to separate from the crank arm;

h.    Failing to make sure the pedal screw was compatible for use with the threads in the crank arm;

i.    Failing to have a pedal that locks into the crank arm, as opposed to one that screws in;

j.    Failing to use metal capable of sustaining strong downward force;

k.    Allowing the pedal shank to have superior surface hardness characteristics to that of the crank arm;

l.    Coating the crank arm threads and pedal shank threads with pain creating the likelihood of cross threading during installation;

m.    Having instructions which are confusing and/or poorly translated;

o.    Failing to use different colored paint on the crank arm and pedal shank so as to make it clear that cross threading had occurred.

25.     Defendants knew or in the exercise of reasonable care should have known that bicycle and its component parts were defectively designed as described above, and that this defective design could cause serious injuries to users such as Plaintiff.

26.     The stationary bicycle was defective in design in that there was a likelihood that the pedal would cross thread with the crank arm, and/or otherwise be caused to come apart while the product was in use.

27.     At or before the time the subject device was released on the market and/or sold to Plaintiff, Defendants could have designed the product to make it less prone to causing the above listed health harms, a technically feasible safer alternative design that would have prevented the harm Plaintiff suffered without substantially impairing the function of the device

28.     Defendants researched, designed, manufactured, tested, advertised, promoted, marketed, sold, and distributed a defective device which, when used in its intended or reasonably foreseeable manner, created an unreasonable risk to the health of consumers, such as Plaintiff, and Defendants are therefore strictly liable for the injuries sustained by Plaintiff.

29.     The design defect(s) were the direct and proximate cause of Plaintiff's injuries and damages.

30.     As a direct and proximate result of Defendants' placement of the subject device into the stream of commerce and Plaintiff's use of the product as designed, manufactured, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff suffered serious physical and mental injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## COUNT II
### (Strict Liability – Failure to Warn)

31.     Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

32.     At all times herein mentioned, Defendants designed, developed, researched, tested, and knew or should have known about significant cancer risks with subject device. It is further averred that Defendants additionally advertised, promoted, marketed, sold, and distributed the subject device that was used by the Plaintiff.

33.     Defendants had an ongoing duty to warn end users such as Plaintiff of the dangers of using the stationary bicycle in the manner intended, and they further had a duty to warn of the likelihood and/or potential for the pedal and crank arm to cross thread.

34.     The subject stationary bicycle was defective due to inadequate warnings because Defendants knew or should have known that the product had a significant risk of coming undone during use and/or not being assembled securely.

35.     The stationary bicycle's labeling and warnings were defective because they omitted and inadequately warned of the serious danger of cross threading and the likelihood that it may occur.

36.     As a direct and proximate cause of the stationary bicycle's defects as described above, Plaintiff was grievously injured and scarred, caused pain and suffering, disability and impairment. Plaintiff has further suffered emotional trauma, harm and injuries that will continue into the future. Plaintiff has lost his ability to live a normal life and will continue to be so diminished in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### COUNT III
### (Strict Liability – Manufacturing Defect)

37.    Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

38.    The finished subject stationary bicycle deviated, in terms of construction and quality, from the specifications or planned output in a manner that made it unreasonably dangerous.

39.    At all times herein material, the subject stationary bicycle was defectively and improperly manufactured and designed by Defendants in that Defendants continued to supply consumers with the them despite having full knowledge that the devices posed substantial and avoidable bodily injury.

40.    At all relevant times, the stationary bicycle was defectively manufactured and sold by Defendants in that its design and formulation is more dangerous than what an ordinary consumer would expect when used in an intended and reasonably foreseeable manner.

41.    It is further averred that the stationary bicycle was defectively manufactured with crank arm threads that were not hard/strong enough for the use contemplated by Plaintiff and those similarly situated.

42.    As a direct and proximate result of the defective manufacture of the subject device, Plaintiff suffered and will continue to suffer damages for which he is entitled to recovery, including but not limited to compensatory damages, consequential damages, interest, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### COUNT IV
### (Negligence / Gross Negligence)

43.    Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

44. Defendants failed to exercise reasonable care in the manufacture, distribution and design of the stationary bicycle and its component parts.

45. x The Defendants knew or, by the exercise of reasonable care, should have known, ordinary consumers such as Plaintiff would not have realized the potential risks and dangers of the subject device.

46. Plaintiff avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally consisted of the following:

a. Failing to have sufficient instructions on the assembly of the pedal and crank arm included in the box;

b. Failing to notify other manufacturers and end users of the appropriate materials necessary to attach the pedal to the crank arm;

d. Failing to notify Plaintiff that none of the blue threadlocker should be visible on the pedal screw once assembled;

e. Failing to notify Plaintiff that none of the threads on the subject parts should be visible once assembled;

f. Shipping the bicycle without the pedals and crank arms assembled;

g. Manufacturing the crank arm and/or pedal with substandard materials and/or soft pedals that were not appropriate for the purpose;

h. Failing to test the coefficient of friction and/or force necessary to separate the crank arm and pedal;

i. Using a crank arm with threads that were not the right size and/or not deep enough;

j. Failing to employ proper testing of the stationary bicycle and/or pedal prior and/or the component parts;

k. Selling the stationary bicycle and its component parts in defective, improper and dangerous manner;

l. Failing to construct a crank arm and/or pedal less likely to cross thread and/or come apart;

m. Failing to perform ergonomic tests on the stationary bicycle and its component parts;

n. Faling to provide adequate warming labels;

o. Permitting the existence of the unsafe conditions with the stationary bicycle and its component parts;

p.      Allowing the pedal shank to have superior surface hardness characteristics to that of the crank arm;

q.      Coating the crank arm threads and pedal shank threads with pain creating the likelihood of cross threading during installation;

r.      Having instructions which are confusing and/or poorly translated;

s.      Failing to use different colored paint on the crank arm and pedal shank so as to make it clear that cross threading had occurred;

t.      Failing to exercise reasonable care in designing, selling and marketing the stationary bicycle;

u.      Failing to use the same type of metal in the crank arm and pedal shank.

47.     Further, Defendants acted with reckless disregard for the safety of consumers, purchasers and end users such as Plaintiff when they manufactured, designed and distributed the stationary bicycle, pedal and component parts knowing such products had the defects as previously alleged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## COUNT IV
### (Breach of Express Warranty)

48.     Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

49.     Defendants provided both warranties in the form of instructions, diagrams and warnings with the stationary bicycle which did not properly provide Plaintiff with information necessary to safely use the subject bicycle.

50.     Plaintiff relied on these instructions, diagrams and warnings to her detriment.

51.     The stationary bicycle and its component parts did not conform to the explicit promises regarding safety, use and assembly provided by Defendant(s).

52.    Defendants made express warranties which extended beyond delivery of the stationary bicycle and expressly warranted for future performance of the devices. Defendants advertised, promoted, and labeled the product as being safe for use and assembly by end users.

52.    Defendants are liable to Plaintiff for compensatory damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT V**
**(Breach of Implied Warranty)**

53.    Plaintiff incorporates herein by reference thereto, the preceding paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

54.    Plaintiff and other consumers are third-party beneficiaries of Defendants' agreements with its distributors, dealers, and/or sellers for the distribution, dealing, and sale of the stationary bicycle to consumers. Plaintiff and consumers are the intended beneficiaries of Defendants' implied warranties since the stationary bicycle is/was manufactured with the express and intended purpose of selling the devices to consumers.

55.    At all times herein material, Plaintiff used the stationary bicycle and its component parts for its intended purpose, and in a manner foreseeable to Defendants.

56.    Despite using the product for its intended purpose and in a foreseeable manner, the pedal separated from the crank arm causing Plaintiff to be seriously injured.

57.    Defendants are liable to Plaintiff for compensatory damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly and severally, for compensatory damages in excess of $75,000.00 dollars, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

By: _____

William T. Lawson, Esquire
1420 Walnut Street
Suite 1000
Philadelphia, PA 19102
(P): 215-546-5188
(F): 215-790-9055
Wtlaw3@aol.com